# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                         Case No.:    3:12-cr-175-J-32JBT

LARRY ANDREWS,

        Defendant.

_____

## <u>ORDER</u>

This case is before the Court on Defendant Larry Andrews's "Petition for Relief Pursuant to Rule 60(b)(6) Procedural Error." (Doc. 242, Motion). The gravamen of Defendant's Motion is that, in light of the Eleventh Circuit's unpublished decision in <u>United States v. Whitsett</u>, --- F. App'x ---, 2020 WL 1157027 (11th Cir. Mar. 10, 2020), the Court wrongly applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a weapon.

In January 2013, Defendant pleaded guilty to one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One of the Indictment), and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i) (Count Two). (Doc. 72, Plea Agreement). As relevant here, the calculation of Defendant's advisory guidelines range included a two-level

enhancement under U.S.S.G. § 2D1.1(b)(1) for the possession of a weapon. (See Doc. 157, Amended Final PSR at ¶ 54). The Court ultimately sentenced Defendant to concurrent terms of 175 months in prison as to both counts of conviction. (Doc. 164, Judgment). The Eleventh Circuit Court of Appeals affirmed Defendant's convictions and sentence in 2015. United States v. Andrews, 606 F. App'x 542 (11th Cir. 2015). Defendant did not petition the United States Supreme Court for a writ of certiorari.[1]

Defendant filed the instant Motion nearly five years later, arguing that the two-level weapon enhancement was erroneous in light of Whitsett. In Whitsett – an unpublished opinion issued on direct appeal – the Eleventh Circuit held that drugs found by police nearly one year after the drug seizure underlying the offenses of conviction were not part of the defendant's relevant conduct under U.S.S.G. § 1B1.3. Whitsett, 2020 WL 1157027, at *5-6. Whitsett was convicted of possession of methamphetamine with intent to distribute, among other offenses, based on the seizure of methamphetamine from his house in August 2017. Id. at *1. Nearly one year later, in July 2018, police seized cocaine and additional methamphetamine from another house where the defendant resided. Id. at *2. At sentencing, the district judge ruled that the July 2018 drug seizure qualified as relevant conduct under U.S.S.G. § 1B1.3, and

---

[1]     Defendant also has not moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

included the drugs from the second seizure in calculating the drug quantity. Id. at *3. The Eleventh Circuit held that the district court erred by including the drugs seized in July 2018 as relevant conduct. Id. at *6. The court explained that there was no evidence that the August 2017 and July 2018 drug seizures were connected by a common scheme or plan, such as common victims, common accomplices, a common purpose, or a common modus operandi. Id. at *5. Thus, the court remanded for resentencing. Id. at *6. Defendant contends that under Whitsett, the Court erred when it used the fact that police found him with a firearm and 41 grams of crack cocaine in an unindicted female's apartment in March 2008 as the basis for the two-level weapon enhancement.

Defendant asks the Court "to vacate his sentence" and resentence him without the two-level weapon enhancement. (Doc. 242 at 5). In doing so, he relies on Rule 60(b)(6), Federal Rules of Civil Procedure. (Id. at 1). However, Rule 60(b)(6) is a rule of civil procedure, and as such, "Fed. R. Civ. P. 60(b) does not apply to criminal judgments." Ben-Ari v. United States, No. 2:16-cv-104-FtM-29UAM, 2019 WL 399548, at *2 (M.D. Fla. Jan. 31, 2019). But because Defendant is proceeding pro se, the Court must construe his pleadings liberally and look beyond the label. Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1366 (11th Cir. 2015). In substance, Defendant collaterally attacks the lawfulness of his sentence and asks that the sentence be vacated. (See generally Doc. 242). "[A] motion to vacate [under 28 U.S.C. § 2255] is the exclusive

mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause,'" i.e., § 2255(e). <u>McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.</u>, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). Defendant does not contend that he satisfies the saving clause, and he specifies that he is "not seeking relief on … [a §] 2255 petition." (Doc. 242 at 5). In short, Defendant seeks to collaterally attack his sentence outside the strictures of § 2255.

The Court cannot identify any other vehicle or mechanism outside of § 2255 that allows Defendant to collaterally attack the legality of his sentence. Under Rule 35(a), Federal Rules of Criminal Procedure, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." However, well over 14 days have passed since sentencing, and Rule 35(a)'s time limit is jurisdictional. <u>United States v. Phillips</u>, 597 F.3d 1190, 1196-97 (11th Cir. 2010) (citing <u>United States v. Diaz-Clark</u>, 292 F.3d 1310, 1319 (11th Cir. 2002)). And outside of Rule 35, "there exists no inherent authority for a district court to modify a sentence." <u>Id.</u> (internal quotation marks and citation omitted); <u>see also</u> 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed" except as otherwise provided by statute). Moreover, there is also no indication that Defendant qualifies for a sentence reduction under 18 U.S.C. §§ 3582(c)(1) or (c)(2). Thus, in the absence of any applicable rule or statutory authority, this Court lacks the power to vacate Defendant's sentence.

4

In any event, Defendant's case appears distinguishable from <u>Whitsett</u>. The defendant in <u>Whitsett</u> was convicted of a substantive possession-with-intent-to-distribute offense, whereas Defendant pleaded guilty to a conspiracy-to-distribute offense that spanned from 2007 to mid-2010 (in addition to a conspiracy-to-money-launder offense that spanned from October 2011 to September 2012). (Doc. 72 at 18-25). As part of the distribution conspiracy, Defendant admitted that in 2008, he and other conspirators began operating out of a dormitory-style "rooming house" in Jacksonville, Florida. (<u>Id.</u> at 21-23). The rooming house had 10 units, with Defendant and a co-conspirator jointly using an upstairs unit as their cocaine storage and repackaging location. PSR at ¶ 20; (Doc. 72 at 22). It was in one of the apartments at the rooming house where Defendant was found on March 27, 2008, with a 9 mm pistol and 41 grams of crack cocaine. <u>See</u> PSR at ¶ 23; (Doc. 72 at 22); (Doc. 242 at 2) ("While Petitioner was visiting a friend, the Jacksonville Sheriff's Office was executing a search warrant unrelated to Petitioner, in a <u>downstairs</u> apartment, which Petitioner was not named in the search warrant. The apartment Petitioner was visiting was <u>upstairs</u> (different apartment number).") (emphasis added). In short, Defendant was found with a firearm and cocaine within the timeframe of the distribution conspiracy, and in the same rooming house where acts in furtherance of the conspiracy admittedly occurred. Thus, this case is different from <u>Whitsett</u>. It is hardly clear that the weapon enhancement was improper.

See United States v. Pham, 463 F.3d 1239, 1246 (11th Cir. 2006) (where the offense of conviction is conspiracy, "the application of the § 2D1.1(b)(1) enhancement [is permitted] if the firearms are found in a place where acts in furtherance of the conspiracies took place.") (citing United States v. Cooper, 111 F.3d 845, 847 (11th Cir. 1997)).

Finally, if the § 2D1.1(b)(1) weapon enhancement was improper, Defendant could have raised that challenge on direct appeal. Whitsett did not break new ground, but merely applied longstanding Eleventh Circuit precedent concerning relevant conduct. Whitsett, 2020 WL 1157027 at *4-5 (citing, inter alia, United States v. Blanc, 146 F.3d 847 (11th Cir. 1998); United States v. Maxwell, 34 F.3d 1006 (11th Cir. 1994)). Defendant has not "show[n] that some objective factor external to the defense prevented [him] or his counsel from raising [this claim] on direct appeal and that this factor cannot be fairly attributable to [the petitioner's] own conduct." Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004) (citation omitted).

Accordingly, for the foregoing reasons, Defendant's "Petition for Relief Pursuant to Rule 60(b)(6) Procedural Error" (Doc. 242) is **DISMISSED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of April, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

C:
Pro se defendant
Counsel of record